IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36775-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CHRISTOPHER RYAN HARPER, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Christopher Harper appeals his conviction for attempting to elude a police vehicle. We affirm.

FACTS

Mr. Harper came to the attention of law enforcement when he was driving a red BMW and ran a red light. A police vehicle caught up with the BMW while it was near the gas pumps of a 7-Eleven store. The two officers inside the police vehicle observed the driver was a male with brown hair and a distinctive neck tattoo. The officers activated their emergency lights and sirens to initiate a stop, but the BMW drove away. The officers pursued as the BMW steadily increased its speed. The officers ultimately ended the pursuit for safety reasons.

Officers ran the BMW's plates and discovered it was last registered to Solomon Struckman. Police talked to Mr. Struckman and learned he had sold the BMW to Mr. Harper. The police pulled a booking photograph of Mr. Harper taken from a previous, unrelated arrest and confirmed he was the person seen driving the BMW. Of particular note was a distinctive tattoo on Mr. Harper's neck. The tattoo in the photograph was the same as one observed on the driver of the BMW.

Mr. Harper was arrested and charged with attempting to elude a police vehicle. Prior to trial, he moved to exclude the booking photograph from evidence, arguing it had improper character implications. The trial court granted Mr. Harper partial relief. The court ordered the State to modify the photograph so it would seem like a driver's license photo. The court also barred the State and its witnesses from referring to the photo as a booking photograph.

The State complied with the trial court's order up until final rebuttal. At that point, the prosecutor argued as follows:

> Counsel talks about the fact that well, why, didn't you put the neck tattoos in your report. Well, again, we talked about in voir dire, the fact that, I mean, how do you remember what you had for breakfast that day? And I said, well, what if you wrote it in a blog or what if you wrote it in a diary. Even when you take diaries and blogs, you don't put in every single detail.
> But the officers did remember that detail. And two hours later, when they pulled up this *booking photo*, they saw those same tattoos that are on this and confirmed, yeah, that's the guy driving. It wasn't just based solely

on the tattoos. That was one part of it. It was also the physical features of it. And it was the face that they saw. You know, some people might be good with names, but a lot of people are very good with faces.

Report of Proceedings (Apr. 1, 2019) at 191 (emphasis added). Mr. Harper did not object.

The jury convicted Mr. Harper as charged. He now appeals.

ANALYSIS

Mr. Harper's sole complaint on appeal pertains to the prosecutor's reference to the booking photograph. He makes two arguments: (1) the prosecutor's comment constituted prejudicial misconduct, and (2) he was deprived of his constitutional right to effective assistance of counsel when his attorney failed to object to the prosecutor's comment.

*Prosecutorial misconduct*

An unpreserved claim of prosecutorial misconduct is waived unless the misconduct was "so flagrant and ill intentioned that an instruction could not have cured the resulting prejudice." *State v. Emery*, 174 Wn.2d 741, 760-61, 278 P.3d 653 (2012). Few errors meet this standard. *See In re Pers. Restraint of Phelps*, 190 Wn.2d 155, 170-71, 410 P.3d 1142 (2018). To merit relief, the prosecutor's misconduct must not only have been incurable, it also must have caused "a substantial likelihood" of prejudicing the jury's verdict. *Emery*, 174 Wn.2d at 761.

This is not the rare case that merits relief based on unpreserved prosecutorial misconduct. While improper, the prosecutor's brief mention of the booking photograph was an isolated incident, unaccompanied by any prejudicial context. The comment was not an inherently inflammatory remark, such as an appeal to racial prejudice. *See Phelps*, 190 Wn.2d at 170. It was instead something that could have been addressed by an objection and request for curative action. *See State v. Wade*, 186 Wn. App. 749, 775, 346 P.3d 838 (2015) (improper reference to booking photograph cured by trial court's instruction). Relief based on prosecutorial misconduct is unwarranted.

*Ineffective assistance of counsel*

To establish a violation of the constitutional right to effective assistance of counsel,[1] a defendant must make two showings: (1) deficient performance and (2) prejudice. *Premo v. Moore*, 562 U.S. 115, 121, 131 S. Ct. 733, 178 L. Ed. 2d 649 (2011). Deficiency is assessed according to an objective standard of reasonableness and does not encompass counsel's tactical decisions. *State v. Classen*, 4 Wn. App. 2d 520, 535, 422 P.3d 489 (2018). Prejudice turns on whether there was a causal connection between counsel's deficient performance and the outcome of the proceedings. *Id*. If either prong is unproved, the inquiry ends and the defendant is not entitled to relief. *Id*.

---

[1] U.S. CONST. amend VI; WASH. CONST. art. I, § 22.

We do not reach the issue of deficient performance because Mr. Harper has not shown prejudice. The evidence of guilt was overwhelming. Mr. Struckman testified that he had sold the red BMW to Mr. Harper. Two officers then testified that they recognized Mr. Harper as the driver of the car. In addition, as explained above, the prosecutor's reference to the booking photograph was brief and did not include any explanation of what a booking photograph is or how it might be related to past criminal conduct. There was no argument at trial suggesting Mr. Harper had a criminal past or that he should be convicted on the basis of bad character. Mr. Harper has not established he is entitled to reversal based on ineffective assistance of counsel.

## CONCLUSION

The judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Fearing, J.

5